IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

TYRONE A. FOSTER,

                Plaintiff,

v.                                                OPINION and ORDER

TODD SEEMANN, WIS. MUTUAL INS. CO., DOES        23-cv-759-jdp
I-V, and ROES CORPS. VI-X,

                Defendants.

---

Pro se plaintiff Tyronne A. Foster, a state prisoner, alleges that defendant Todd Seemann, a private individual, crashed his car into Foster when he tried to cross a street. Foster was hospitalized after the accident and suffered severe injuries that required months of rehabilitation. Foster generally alleges that he's suing for a violation of federal law, but his allegations suggest only a negligence claim under Wisconsin law.

Because Foster proceeds in forma pauperis, I must screen the complaint under 28 U.S.C. § 1915A(e)(2)(B) and dismiss any part of it that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks money damages from an immune defendant. I must accept Foster's allegations as true and construe them generously, holding the complaint to a less stringent standard than one a lawyer drafts. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). I will dismiss the case without leave to amend for lack of subject matter jurisdiction.

District courts have subject matter jurisdiction over civil actions where the matter in controversy exceeds $75,000 and is between citizens of different states. 28 U.S.C. § 1332(a)(1). This statute requires "complete diversity of citizenship." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978). "That is, diversity jurisdiction does not exist unless

*each* defendant is a citizen of a different State from *each* plaintiff." *Id.* (emphasis in original). Because Foster alleges that he and Seemann are Wisconsin citizens, he cannot show complete diversity of citizenship.

The court of appeals has cautioned against dismissing a pro se plaintiff's case without giving him a chance to amend the complaint. *Felton v. City of Chicago*, 827 F.3d 632, 636 (7th Cir. 2016). But dismissal in this case is appropriate because Foster's assertion of diversity jurisdiction is frivolous. *See Okoro v. Bohman*, 164 F.3d 1059, 1063 (7th Cir. 1999) ("A complaint that identified the defendant as a citizen of the same state as the plaintiff and alleged no basis other than diversity of citizenship for federal jurisdiction might be dismissed as frivolous . . . ." (citations omitted)). So I will dismiss the case and direct the clerk to record a strike under 28 U.S.C. § 1915(g). *See De La Garza v. De La Garza*, 91 F. App'x 508, 509 (7th Cir. 2004). This case belongs in state court.

ORDER

IT IS ORDERED that:

1. This case is dismissed without prejudice, but without leave to amend, for lack of subject matter jurisdiction.

2. The clerk of court is directed to record a strike under 28 U.S.C. § 1915(g).

3. The clerk of court is directed to enter judgment and send plaintiff copies of this order and the judgment.

Entered November 29, 2023.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge